```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
             Civil No. 12-1587(DSD/JJK)
```

Aaron Cooke,

       Plaintiff,

v.                                                          **ORDER**

Jeffrey Peterson, Executive
Officer of the Hearing and
Release Unit for the Minnesota
Department of Corrections, All
Defendants are Sued in Their
Personal Capacity Only; Deb
Schadegg, all Hearings and
Release Officers for the Hearing
and Release Unit.  All
Defendants are Sued in Their
Personal Capacity Only; Rick Pung,
all Hearing and Release Officers
for the Hearing and Release Unit.
All Defendants are Sued in Their
Personal Capacity Only; Zach Gahm,
all Hearings and Release Officers
for the Hearing and Release Unit.
All Defendants are Sued in Their
Personal Capacity Only;

       Defendants.

    A.L. Brown, Capitol City Law Group, LLC, 155 South
    Wabasha, Suite 125, St. Paul, MN 55107, counsel for
    plaintiff.

    Margaret E. Jacot, Minnesota Attorney General's Office,
    Suite 900, 445 Minnesota Street, Suite 900, St. Paul, MN
    55101, counsel for defendants.

    This matter is before the court on the motions to dismiss by

defendants Jeffrey Peterson, Deb Schadegg, Rick Pung and Zach Gahm

(collectively, defendants).¹  Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motions.

## BACKGROUND

This civil-rights dispute arises from the incarceration of plaintiff Aaron Cooke.  On September 13, 2007, Cooke admitted to violating his probation and was sentenced in Le Sueur County, Minnesota, to a term of imprisonment of fifteen and one-third months, followed by seven and two-thirds months of supervised release.  Compl. ¶¶ 13-15; see also ECF No. 21.  This sentence also included a ten-year term of conditional release.  See ECF No. 21.

Cooke was released and began his term of supervised release on September 10, 2008.  Compl. ¶ 18.  On February 17, 2009, Cooke's supervised release was revoked, and he was sentenced to a term of imprisonment of 365 days.  Id. ¶¶ 20, 24.  Cooke's incarceration was extended on three subsequent occasions: January 11, 2010; October 11, 2010; and June 24, 2011.  Id. ¶¶ 26, 31, 33.  Cooke

---

¹ All defendants are employees of the Minnesota Department of Corrections Hearing and Release Unit (HRU), which is responsible for administering supervised release and conditional release. Compl. ¶¶ 5-12.

contested these extensions, and filed an administrative appeal on March 28, 2012. Id. ¶ 38.[2] On April 11, 2012, Cooke was released from custody. Id. ¶ 39.

On June 29, 2012, Cooke filed this action, alleging state-law false imprisonment and violations of his due process and Eighth Amendment rights under 42 U.S.C. § 1983. Peterson moved to dismiss on July 30, 2012. Gahm, Pung and Schadegg moved to dismiss on September 13, 2012.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.

---

[2] In his appeal, Cooke relied on two recent Minnesota Court of Appeals decisions. Compl. ¶¶ 29, 35. These decisions held that "conditional release is consecutive to supervised release and ... the extension of ... incarceration beyond the completion of [supervised release] ... is unlawful." State ex rel. Peterson v. Fabian, 784 N.W.2d 843, 845 (Minn. Ct. App. 2010); see State ex rel. Cote v. Roy, No. 66-CV-10-3658 (Minn. Ct. App. Nov. 15, 2011) (same).

Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6).  See Fed. R. Civ. P. 12(d).  The court, however, may consider matters of public record and materials that are "necessarily embraced by the pleadings."  See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted).  In the present action, the court considers the September 13, 2007, probation violation report, as it is necessarily embraced by the complaint.  See ECF No. 21.

**II.  Section 1983 Claim**

Cooke argues that extending his incarceration past his term of supervised release and into his term of conditional release violated his due process and Eighth Amendment rights.  Defendants respond that the claim is Heck-barred, and explain that "[a] claim is not cognizable under [§] 1983 where a judgment in favor of the plaintiff would necessarily imply invalidity of the plaintiff's state conviction or sentence, unless the conviction or sentence has already been invalidated." Wilson v. Lawrence Cnty., Mo., 154 F.3d

4

757, 760 (8th Cir. 1998) (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)).

Cooke argues, however, that Heck is inapplicable because he challenges the HRU decisions that extended his incarceration rather than his court-imposed sentence.  The court disagrees.  Heck bars a broad class of claims.  Section 1983 actions are "barred (absent prior invalidation) - no matter the relief sought ..., no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in the action would necessarily demonstrate the invalidity of confinement *or its duration*."  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (second emphasis added).  In the present action, Cooke asks the court to find that the duration of his confinement was invalid.  As a result, Heck bars the claim unless Cooke satisfies the favorable termination requirement.

To demonstrate favorable termination, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Marlowe v. Fabian, 676 F.3d 743, 746 (8th Cir. 2012) (quoting Heck, 512 U.S. at 487).  Cooke does not allege that his sentence was

reversed or that he was granted a writ of habeas corpus, and instead argues that his release following administrative appeal amounts to expungement by executive order.

Executive action, however, can only satisfy the favorable termination requirement if the underlying sentence is completely expunged. See Wilson, 154 F.3d at 761 (finding pardon by governor to be a favorable termination). In other words, the executive action must "destroy; blot out; obliterate; erase; efface designedly [or] strike out wholly" the conviction. Id. at 760-61 (citations omitted). Cooke does not allege that the appeal decision completely expunged his underlying conviction or sentence. As a result, the court finds that Cooke's release after administrative appeal is not a prior invalidation of his conviction or sentence. Therefore, dismissal of the § 1983 claim is warranted.[3]

**III. State Law Claim**

Having now dismissed the § 1983 claim, the only claim for which original jurisdiction existed, the court must consider whether to exercise supplemental jurisdiction over the remaining state-law claim. See 28 U.S.C. § 1367(c)(3); Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004). "In the usual case in which all federal-law claims are eliminated before trial,

---

[3] The court dismisses this claim without prejudice. See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (dismissing Heck-barred claims without prejudice).

the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Dodson v. Univ. of Ark. for Med. Scis.</u>, 601 F.3d 750, 756 (8th Cir. 2010) (per curiam) (quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988)). Based on consideration of the pendent jurisdiction factors, the court does not exercise its discretion to take supplemental jurisdiction over the state-law tort claim.  Therefore, the court dismisses Cooke's remaining state-law claim without prejudice.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motions to dismiss by Peterson [ECF No. 4] and Gahm, Pung and Schadegg [ECF No. 17] are granted without prejudice.
**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 6, 2012

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court