UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1587(DSD/JJK)

Aaron Cooke,

       Plaintiff,

v.                                                   **ORDER**

Jeffrey Peterson, Executive
Officer of the Hearing and
Release Unit for the Minnesota
Department of Corrections, All
Defendants are Sued in Their
Personal Capacity Only; Deb
Schadegg, all Hearings and
Release Officers for the Hearing
and Release Unit.  All
Defendants are Sued in Their
Personal Capacity Only; Rick Pung,
all Hearing and Release Officers
for the Hearing and Release Unit.
All Defendants are Sued in Their
Personal Capacity Only; Zach Gahm,
all Hearings and Release Officers
for the Hearing and Release Unit.
All Defendants are Sued in Their
Personal Capacity Only;

       Defendants.

This matter is before the court upon the amended application to proceed in forma pauperis (IFP) on appeal by plaintiff Aaron Cooke.  A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915.  <u>See also</u> Fed. R. App. P. 24(a).  To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  In this case, the record shows that Cooke is not indigent.

When evaluating an IFP application, a court must consider "not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." Helland v. St. Mary's Duluth Clinic Health Sys., No. 10-31, 2010 WL 502781, at *1 n.1 (D. Minn. Feb. 5, 2010) (Erickson, M.J.).  In the instant matter, Cooke's total monthly income is $1800.00 and his spouse has a total monthly income of $4920.00.  See ECF No. 27, at 1-2.  As a result, based on the information that has been furnished by Cooke, the court finds that he is not financially eligible for IFP status.  See Helland, 2010 WL 502871, at *1 ("[G]iven the total monthly income of the Plaintiff and his wife, which is nearly $3,500.00, the Court cannot conclude that they are indigent, for IFP purposes.").  Therefore, the application to proceed IFP on appeal is denied.

## CONCLUSION

Accordingly, based upon the above, **IT IS HEREBY ORDERED** that the amended application to proceed in forma pauperis [ECF No. 27] is denied.

Dated:   January 16, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court